## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DANIEL HARCROW, )<br>)<br>　　Plaintiff, )<br>)<br>v. )　　CIV-12-466-R<br>)<br>CARLETON TURNER and )<br>BENTZEL TRUCKING, LLC., )<br>)<br>　　Defendants. ) | |

### ORDER

This matter comes before the Court on the Motion for Intervention, filed by CompSource Oklahoma. Defendant Bentzel Trucking responded in opposition to the motion. Having considered the parties' submissions, the Court finds as follows.

Plaintiff filed this action alleging he was injured by an employee of Defendant Bentzel Trucking, LLC during the scope of his employment with Canyon Welding. CompSource contends Plaintiff is receiving benefits pursuant to Oklahoma Workers' Compensation Code, Okla. Stat. tit. 85 § 348, and that it has paid substantial sums in medical benefits. CompSource seeks to intervene in this action to protect its rights pursuant to Okla. Stat. tit. 85 § 348. CompSource notes that it does not intend to participate actively in the case, seeking instead to preserve its right to subrogation. Defendant contends Plaintiff can sufficiently protect CompSource's rights.

Under Federal Rule of Civil Procedure 24(a)(2), upon timely motion the Court must permit anyone to intervene who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed.R.Civ.P. 24(a)(2). A party may intervene as of right if (1) its application is timely;

(2) it claims an interest relating to the property or transaction which is the subject of the action; (3) its interest may as a practical matter be impaired or impeded; and (4) its interest is not adequately represented by existing parties. *See Elliot Indus. Ltd. P'ship v. BP Am. Prod. Co.*, 407 F.3d 1091, 1103 (10th Cir.2005).

The Court may also allow an applicant to intervene when it shares with the main action a common question of law or fact. Fed.R.Civ.P. 24(b)(1)(B). In considering whether to permit permissive intervention, the Court considers (1) whether the application is timely; (2) whether the movant's claim and the underlying action share a common question of law or fact; and (3) whether the intervention will unduly delay or prejudice adjudication of rights of the original parties. *See* Fed.R.Civ.P. 24(b); *Kane County, Utah v. United States*, 597 F.3d 1129, 1135 (10th Cir.2010).

The Court concludes that CompSource's motion is timely, that it has the right to intervene, and that in light of the fact that it will not actively participate in trial, that Defendant Bentzel Trucking will not be prejudiced. *See Black v. Texas Emp. Ins. Ass'n*, 326 F.2d 603, 604 (10th Cir. 1964). Compsource is hereby permitted to intervene pursuant to Federal Rule of Civil Procedure 24(a)(2).

IT IS SO ORDERED this 1st day of August. 2012.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE